FILED
06-04-2021
John Barrett
Clerk of Circuit Court
2021CV003328
Honorable David
Swanson-11
Branch 11

STATE OF WISCONSIN:　　CIRCUIT COURT:　　MILWAUKEE COUNTY

RYAN M. CLANCY
2543 S. Howell, Ave.
Milwaukee, WI 53207

   Plaintiff,

vs.

CITY OF MILWAUKEE
c/o Office of the City Clerk
200 E Wells Street Rm 205
Milwaukee, WI 53202

MILWAUKEE COUNTY
c/o George L. Christenson
Milwaukee County Clerk
901 N Ninth St., Room 105
Milwaukee, WI 53233

JOHN DOE MILWAUKEE POLICE OFFICERS
A fictitious name for unknown defendants

JOHN DOE MILWAUKEE COUNTY SHERIFF'S DEPUTIES
A fictitious name for unknown defendants

   Defendants.

Case No.:

**SUMMONS**

Case Code: Personal Injury – Other - 30107

SLH Services
Server _____
Date 7-1-21　Time 12:45 Pm

RECEIVED
MILWAUKEE COUNTY CLERK
2021 JUL -1 P 12: 36

## SUMMONS

THE STATE OF WISCONSIN

TO EACH PERSON NAMED ABOVE AS A DEFENDANT:

  You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

  Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The

court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is Milwaukee County Courthouse, 901 N. Ninth Street, Milwaukee, WI 53233, and to Martin Law Office, S.C., plaintiff's attorneys, whose address is 7280 S. 13th St., Ste. 102, Oak Creek, WI 53154. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

June 4, 2021

**MARTIN LAW OFFICE, S.C.**
Attorney for Plaintiffs

*Electronically Signed by Drew J. DeVinney*

---

Drew J. De Vinney
State Bar No. 01088576

ADDRESS
7280 S. 13th St., Ste.102
Oak Creek, WI 53154
414-856-2310 (office)
414-856-2677 (direct fax)
drew@martin-law-office.com

**AHMAD & ASSOCIATES, L.L.C.**
Attorney for Plaintiff

*Electronically Signed by E. Edgar Lin*

---

E. Edgar Lin
State Bar No. 01085712

ADDRESS
Edgar@lin.lawyer --
E. Edgar Lin
Of Counsel to Ahmad & Associates, LLC.
222 E. Erie St, Ste. 210
Milwaukee, WI 53202
O : 414-221-6478
C : 414-368-9085
F : 414-271-8442

3

Case 2021CV003328   Document 3   Filed 06-04-2021   Page 4 of 16

FILED
06-04-2021
John Barrett
Clerk of Circuit Court
2021CV003328
Honorable David
Swanson-11
Branch 11

STATE OF WISCONSIN:   CIRCUIT COURT:   MILWAUKEE COUNTY

RYAN M. CLANCY
2543 S. Howell, Ave.
Milwaukee, WI 53207

       Plaintiff,

vs.

CITY OF MILWAUKEE
c/o Office of the City Clerk
200 E Wells Street Rm 205
Milwaukee, WI 53202

MILWAUKEE COUNTY
c/o George L. Christenson
Milwaukee County Clerk
901 N Ninth St., Room 105
Milwaukee, WI 53233

JOHN DOE MILWAUKEE POLICE OFFICERS
A fictitious name for unknown defendants

JOHN DOE MILWAUKEE COUNTY SHERIFF'S DEPUTIES
A fictitious name for unknown defendants

       Defendants.

Case No.:

**COMPLAINT**

Case Code: Personal Injury – Other - 30107

---

## COMPLAINT

**NOW COMES** the above-named plaintiff, Ryan M. Clancy, by his attorneys, Drew DeVinney of Martin Law Office, S.C. & E. Edgar Lin of Ahmad & Associates, LLC., and as and for his claims for relief against the above-named defendants, alleges and shows to the Court as follows:

## NATURE OF THE CASE

1. This is a civil action, pursuant to the laws of the State of Wisconsin and 42 U.S.C. §§ 1983 and 1988, for redress of the violation, under color of law, of Ryan M. Clancy's rights secured by the Fourteenth and Fourth Amendments to the United States Constitution; that the allegations herein arise from acts committed, and injuries and damages incurred, in the State of Wisconsin, County of Milwaukee; that all parties to this action are residents of the State of Wisconsin, County of Milwaukee.

## PARTIES

2. The plaintiff, Ryan M. Clancy, is an adult citizen and resident of the State of Wisconsin, residing at 2543 S. Howell Ave., Milwaukee WI 53217. At all material times, Ryan Clancy was an elected Milwaukee County Supervisor for the 4th District. Supervisor Clancy brings this lawsuit in his individual capacity as a citizen of Milwaukee County and the City of Milwaukee.

3. The Defendant, City of Milwaukee, is a municipal corporation, organized and existing under the laws of the State of Wisconsin, whose principal offices are located at 200 East Wells Street, City and County of Milwaukee, State of Wisconsin, 53202. The Milwaukee Police Department ("MPD") is an agency of the City of Milwaukee. The City of Milwaukee is responsible for declaring and managing emergencies under Wis. Stat. §§ 323.14 and 323.15. The City of Milwaukee is responsible for creating and implementing MPD's policies and practices. The City of Milwaukee is responsible for the hiring, training, supervision, and discipline of Milwaukee Police Officers. The City of Milwaukee has a legal obligation under Wis. Stat. § 895.46 to indemnify each of the John Doe Police Officers involved in this matter and to satisfy

any judgment entered against them if it is determined that the unidentified defendant police officers were acting within the scope of their employment at all times material hereto.

4. Milwaukee County is a municipal corporation organized under the laws of the State of Wisconsin with offices at 901 North 9th Street, Room 105, Milwaukee, WI 53233. Milwaukee County Sheriff's Office ("MCSO") is an agency of Milwaukee County. Milwaukee County is responsible for creating and implementing MCSO's policies and practices. Milwaukee County is responsible for the hiring, training, supervision, and discipline of sheriff's deputies employed with MCSO. Milwaukee County has a legal obligation under Wis. Stat. sec 895.46 to indemnify each of the John Doe Sheriff's Deputies involved in this matter and to satisfy any judgment against them if it is determined that the unidentified sheriff's deputies were acting within the scope of their employment at all times material hereto.

5. John Doe Police Officers is a fictitious name for unidentified police officers involved in the unconstitutional arrest of the plaintiff on May 31, 2020. Each John Doe Police Officer was acting within the scope of their employment with the City of Milwaukee and under color of state law. The plaintiff has attempted, through open records requests, to learn the identity of the involved officers. To date, the plaintiff's requests for information regarding this incident and the actors involved have been denied by the City of Milwaukee.

6. John Doe Sheriff's Deputies is a fictitious name for unidentified sheriff's deputies involved in the unconstitutional arrest of the plaintiff on May 31, 2020. Each John Doe Sheriff's Deputy was acting within the scope of their employment with Milwaukee County and under color of state law. The plaintiff has attempted, through open records requests, to learn the identity of the involved deputies. To date, the plaintiff's requests for information regarding this incident and the actors involved have been denied by Milwaukee County.

6

## GENERAL ALLEGATIONS

7. In May 2020, citizens in Milwaukee took to the street to protest for black lives and against police brutality after George Floyd was murdered in Minneapolis, Minnesota.

8. Upon information and belief, on or about May 30, 2020, unknown officers of the Milwaukee Police Department and/or the Milwaukee Sheriff's Office, requested City of Mayor Tom Barrett to declare an emergency curfew.

9. The purpose of requesting a curfew was to chill free speech and intimidate citizens protesting in the wake of George Floyd's murder. The curfew order provided a pretext to arrest lawfully assembled citizens.

10. Relying on information provided by the defendants, the City of Milwaukee, through Mayor Barrett enacted a State Emergency Curfew by proclamation on May 30, 2020.

11. The May 30, 2020 proclamation is produced on the following page:



Tom Barrett
Mayor, City of Milwaukee

## PROCLAMATION BY THE MAYOR

Whereas, on May 29th, 2020, multiple protests and demonstrations in the City of Milwaukee occurred regarding recent police officer involved deaths in Minneapolis and Milwaukee;

Whereas, the peaceful assembly of persons exercising their First Amendment right to protests ended at approximately 10:00 p.m. After the conclusion of the peaceful protests, other individuals began to act in a manner that disrupted the safety and good order of the City of Milwaukee;

Whereas, after approximately 10:00 p.m. and the conclusion of the protests, a police squad was damaged by these unlawful and violent actions of these separate individuals and a number of people began driving motor vehicles on sidewalks and into oncoming traffic lanes, and subsequently coordinated vehicular travel to various locations throughout Milwaukee to break windows and loot various retail establishments;

Whereas, just after midnight until approximately 3:00 a.m. on May 30th, 2020, these individuals began to throw items at law enforcement officers, causing injuries thereto, and continued travelling throughout the City of Milwaukee engaged in the following activities: multiple instances of shots fired, multiple instances of mass theft of private property, defacement and vandalism of private property, vandalism of public property, and the shooting of an on duty Milwaukee Police Department officer, as well as other acts that endangered the health, safety, and welfare of the citizens of Milwaukee.

Whereas, it is expedient for the health, safety, welfare, and good order of the City of Milwaukee that a curfew be imposed limiting pedestrian and vehicular travel in order to stem the coordinated looting and property damage to private and public property in the City of Milwaukee; now, therefore,

I, Tom Barrett, Mayor of the City of Milwaukee, hereby declare that:

Pursuant to the authority granted me by Wisconsin Statute § 323.14(4)(b), and Milwaukee Code of Ordinance § 6-07-3 I hereby proclaim and declare a state of emergency in the City of Milwaukee and order an emergency curfew in the entire City of Milwaukee for all persons from 9:00 p.m. May 30th, 2020, until 07:00 a.m. on May 31st, 2020. All persons shall cease vehicular and pedestrian travel on the public way, streets, sidewalks and highways and return to their homes, places of work or other convenient place. Government, social services, and credentialed press acting in their official capacity are exempt from this order.

Dated at Milwaukee, Wisconsin, this 30th day of May 2020.

*Tom Barrett*

Tom Barrett
Mayor

Office of the Mayor • City Hall • 200 East Wells Street • Milwaukee, Wisconsin 53202
(414) 286-2200 • fax (414) 286-3191 • mayor@milwaukee.gov

12. Pursuant to the express language of the May 30, 2020 proclamation, the plaintiff, Ryan Clancy, was exempt from the curfew as an elected member of government.

13. The defendants knew or reasonably should have known that the plaintiff was an elected member of government at the time of the incidents alleged herein.

14. The May 30, 2020, proclamation violated due process and was invalid under local ordinance and state law. In enacting the proclamation, Mayor Barrett cited to the emergency powers under Milwaukee Ordinance 6-07-03 and Wis. Stat. § 323.14. The authority to order a curfew under the Emergency Powers ordinance and statute is conferred to the common council, unless "because of the emergency conditions, the common council is unable to meet with promptness." The common council did not declare an emergency on or about May 30, 2020. The nightly protests and demonstrations cited by Mayor Barrett as the "emergency conditions" falsely justifying the curfew did not prevent the common council from promptly meeting prior to the May 30, 2020 proclamation. At the time of the proclamation, the common council regularly met and had the ability to meet via teleconference and could have done so in order to declare an emergency. At no point did the common council ratify, repeal, or amend the May 30, 2020 proclamation.

15. The defendants knew or reasonably should have known that the curfew proclamation was invalid and/or unconstitutional at the time of the incidents alleged herein.

16. On May 31, 2020, Supervisor Clancy was observing citizen protestors as they marched through the City of Milwaukee, Village of Shorewood, Village of Whitefish Bay and City of Glendale. The protestors were peaceful throughout Supervisor Clancy's attendance

17. Upon information and belief, as the march was winding down, John Doe Police Officers and John Doe Sheriff's Deputies purposefully directed the peaceful protestors from the

Village of Shorewood, where there was no curfew, into the City of Milwaukee where they could arrest protestors for violation of the 9:00 pm curfew, pursuant to Mayor Barrett's proclamation.

18.  As the protestors milled near the border of Shorewood, large numbers of police officers and sheriff's deputies converged in riot gear and in armored vehicles in order to block passage to the Village of Shorewood and to intimidate the peaceful protestors.

19.  Supervisor Clancy continued to observe the demonstrations and filmed the interactions between the protestors and law enforcement.

22.  As Supervisor Clancy filmed, an unidentified officer charged at him and tackled him to the concrete sidewalk. Supervisor Clancy was then restrained with zip-tie handcuff, which caused physical injury to his wrists.

26.  After tackling Supervisor Clancy, unidentified law enforcement officers picked Supervisor Clancy off the ground.

27.  Supervisor Clancy was placed in a van along with citizens who were arrested for violation of Mayor Barrett's curfew proclamation. Some of the arrestees in the van were not wearing masks.

28.  At the time of the subject incident, the Centers for Disease Control and Prevention had recommended that adults wear masks at all times and that anyone possibly exposed to Covid-19 quarantine for 14-days.

28.  Supervisor Clancy was then transported to a bus where he and other arrestees were driven around from location to location. Eventually Supervisor Clancy was detained at a Milwaukee police station until sometime around 3:00 am.

29.  During Supervisor Clancy's detainment following his initial arrest, multiple unidentified officers did not wear masks. Due to the CDC guidance at the time and the number of

10

unmasked individuals in close proximity to Supervisor Clancy, he requested PPE (Personal Protective Equipment) but was denied.

30. Following these incidents, Supervisor Clancy, pursuant to CDC guidance at the time, was forced to quarantine from his family for fourteen days.

31. While Supervisor Clancy was detained, and against his wishes, an unidentified law enforcement officer removed Supervisor Clancy's cellular phone from his pocket and placed it in front of Supervisor Clancy's face to unlock the device. The unidentified law enforcement officer then invaded Supervisor Clancy's privacy by looking through the content of Supervisor Clancy's personal cell phone.

32. At all times, Supervisor Clancy identified and held himself out as an elected member of government.

33. At all times, Supervisor Clancy acted peacefully and did not resist any commands of any law enforcement officer.

34. The unidentified law enforcement officers involved in Supervisor Clancy's arrest lacked probable cause or reasonable suspicion to believe that Supervisor Clancy had violated any ordinance or law, including violation of Mayor Barrett's curfew proclamation for which he was exempted.

### First Cause of Action: Unlawful Seizure

35. The plaintiff alleges and reincorporates by reference the allegation of the preceding paragraphs.

36. This claim is brought pursuant to 42 U.S.C. § 1983 against all defendants for violation of Supervisor Clancy's rights under the Fourth Amendment to the United States Constitution not to be subjected to unreasonable seizure.

11

37. The defendants caused Supervisor Clancy to be arrested and/or detained without probable cause or reasonable suspicion in violation of Supervisor Clancy's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

38. The unidentified John Doe defendants acted knowingly, intentionally, and with malice.

39. The unidentified John Doe defendants were deliberately indifferent to the constitutional rights of Supervisor Clancy.

40. As a direct and proximate result of the defendants' acts, as alleged, Ryan Clancy suffered injuries, including the violation of his constitutional rights loss of liberty, emotional distress, loss of enjoyment of life and dignity, and other compensable injuries and damages, all to the damage of Supervisor Clancy in an amount to be determined at a trial of this matter.

## Second Cause of Action: Excessive Force

41. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

42. The uses of force employed by unidentified law enforcement officers during the course of arresting Supervisor Clancy without probable cause, including, but not limited to, tackling Supervisor Clancy and overly tightening the zip-tie restraints, were not objectively reasonable under the Fourth Amendment to the United States Constitution given the objective lack of probable cause to believe Supervisor Clancy had committed any offense.

43. The conduct alleged constituted unreasonable and excessive force and violated Supervisor Clancy's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

44. The unidentified law enforcement officers use of unreasonable and excessive use of force was a cause of the injuries sustained by Supervisor Clancy, including the violation of his constitutional rights, loss of liberty, past and future pain, suffering, emotional distress, mental anguish, past medical expenses, disability, loss of enjoyment of life and dignity, and other compensable injuries and damages, all to the damage of Supervisor Clancy in an amount to be determined at a trial of this matter.

45. The unidentified law enforcement officers acted with malice or in reckless disregard of Murdoch federally protected rights.

### Third Claim for Relief: Failure to Intervene

46. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

47. This claim is brought pursuant to 42 U.S.C. § 1983 against all defendants Heard for failure to intervene to prevent the violation of Supervisor Clancy's rights under the Fourth, and Fourteenth Amendments to the United States Constitution as more fully alleged above.

48. In the manner described above, during the constitutional violations described, one or more of the individual defendants named in this claim, and other as-yet unknown individuals, stood by without intervening to prevent the misconduct, despite the opportunity to do so.

49. The defendants acted knowingly, intentionally and with malice; each individual defendant was deliberately indifferent to Supervisor Clancy's constitutional rights.

50. The City of Milwaukee and Milwaukee County are liable for the misconduct of their own officers because the policies, customs and practices of the City of Milwaukee and Milwaukee County caused the constitutional violations alleged above.

69. That, as a direct and proximate result of the defendants' misconduct as described, Plaintiff suffered injuries as more fully alleged above.

### Fourth Claim for Relief: *Monell* Claim against City of Milwaukee
### (Policy, Practice, and/or Custom; Failure to Train and Supervise)

51. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

52. This count is brought against City of Milwaukee, pursuant to 42 U.S.C. § 1983, insofar as the actions of the unidentified law enforcement officers, including the arrest and use of and use of force against Supervisor Clancy, as alleged, were taken pursuant to the City of Milwaukee's invalid and/or unconstitutional curfew proclamation of May 30, 2020.

53. As alleged, the May 30, 2020, emergency proclamation was invalidly declared the City of Milwaukee and violated due process.

54. The City of Milwaukee failed to adequately train the individual unidentified law enforcement officers relative to the limits of the emergency prosecution, including the exemption for government officials.

55. In enacting and enforcing the curfew, the City of Milwaukee was utterly indifferent to the constitutional rights of its citizens, including Supervisor Clancy.

56. The invalid and unconstitutional enactment of the May 30, 2020 emergency proclamation, the unlawful enforcement of the proclamation, and the failure to adequately train and supervise the individual unidentified law enforcement officers was a direct and proximate cause of Supervisor Clancy's injuries, including the violation of his constitutional rights, loss of liberty, past and future pain, suffering, emotional distress, mental anguish, past medical expenses, disability, loss of enjoyment of life and dignity, and other compensable injuries and

damages, all to the damage of Supervisor Clancy in an amount to be determined at a trial of this matter.

**WHEREFORE,** the plaintiff demands judgment against defendants as follows:

A. for an order declaring that the May 30, 2020 emergency proclamation was invalid and/or unconstitutional;

B. for an order declaring that the defendants violated the plaintiff's, Supervisor Ryan Clancy's, constitutional rights by using excessive force against him and by arresting him without probable cause;

C. for an order declaring that the defendant, City of Milwaukee, is responsible under Wis. Stat. § 895.46 to indemnify each of the John Doe Police Officers and to satisfy any judgment entered against them;

D. for an order declaring that the defendant, Milwaukee County, is responsible under Wis. Stat. § 895.46 to indemnify each of the John Doe Sheriff's Deputies and to satisfy any judgment entered against them;

E. for compensatory damages against all defendants, jointly and severally, in an amount to be determined at trial;

F. for punitive damages against defendants in an amount to be proved at trial;

G. for plaintiff's attorneys' fees, pursuant to 42 U.S.C. § 1988;

H. for costs;

I. for such further and additional relief as this Court may deem equitable and just.

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS A TRIAL IN THE IN THE ABOVE-ENTITLED ACTION.**

June 4, 2021

**MARTIN LAW OFFICE, S.C.**
Attorney for Plaintiffs

*Electronically Signed by Drew J. DeVinney*

Drew J. De Vinney
State Bar No. 01088576

ADDRESS
7280 S. 13th St., Ste.102
Oak Creek, WI 53154
414-856-2310 (office)
414-856-2677 (direct fax)
drew@martin-law-office.com

**AHMAD & ASSOCIATES, L.L.C.**
Attorney for Plaintiff

*Electronically Signed by E. Edgar Lin*

E. Edgar Lin
State Bar No. 01085712

ADDRESS
Edgar@lin.lawyer --
E. Edgar Lin
Of Counsel to Ahmad & Associates, LLC.
222 E. Erie St, Ste. 210
Milwaukee, WI 53202
O : 414-221-6478
C : 414-368-9085
F : 414-271-8442