UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN M. CLANCY,

    Plaintiff,

v.                                        Case No. 21-CV-881-BHL

CITY OF MILWAUKEE, *et al.*,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT
MILWAUKEE COUNTY FOR JUDGMENT ON THE PLEADINGS**

## INTRODUCTION

Plaintiff, Ryan Clancy ("plaintiff"), alleges that he was unlawfully arrested and subjected to the use of excessive force by "unidentified" law enforcement officers during a protest on May 31, 2020 in the wake of the murder of George Floyd. According to plaintiff, the events at issue violated his rights under the Fourth and Fourteenth Amendments, and he seeks redress pursuant to 42 U.S.C. § 1983.

Plaintiff includes Milwaukee County among the named defendants. Yet, aside from a single conclusory allegation that the County has unspecified "policies, customs, and practices" that caused the claimed violations of his constitutional rights, plaintiff's complaint is completely devoid of any substantive allegations with respect to the County and its supposed liability under the Fourth and Fourteenth Amendments. Under controlling precedent, such a lone, boilerplate allegation, without additional factual support, is patently insufficient to state a claim against a municipal entity under § 1983. Without more, plaintiff cannot and does not state a claim against Milwaukee County.

1

For these reasons, and as is explained in additional detail below, this Court should grant judgment on the pleadings to Milwaukee County, and dismiss plaintiff's complaint against the County in its entirety, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## **PLAINTIFF'S ALLEGATIONS AND CLAIMS**

Plaintiff alleges the following relevant facts, all of which are assumed to be true solely for the purposes of this motion.

On May 30, 2020, Milwaukee Mayor Tom Barrett declared an emergency curfew in the City. (ECF No. 1-2 (Complaint), ¶¶ 10-11.) According to plaintiff (although only "on information and belief"), prior to the Mayor's declaration, "unknown officers of the Milwaukee Police Department and/or the Milwaukee [County] Sheriff's Office requested City of [sic] Mayor Tom Barrett to declare an emergency curfew." (*Id.*, ¶ 8.) For various reasons not germane to the County, plaintiff contends that the curfew declared by Mayor Barrett was unlawful. (*Id.*, ¶ 14.)

On May 31, 2020, as he observed and filmed a protest occurring on the border between Milwaukee and the Village of Shorewood, plaintiff was "tackled" and then restrained with "zip-tie handcuff[s]" by "an unidentified officer." (*Id.*, ¶¶ 16, 18-19, & 22.) Plaintiff was then picked up off the ground by "unidentified law enforcement officers," placed in a police van, and then transported to a "Milwaukee police station," where he was detained. (*Id.*, ¶¶ 26-28.)

Based on these factual allegations, plaintiff names the City of Milwaukee, Milwaukee County, and John Doe police officers and sheriff's deputies as defendants. (*Id.*, ¶¶ 3-6.)[1] Plaintiff

---

[1] Although not determinative of this motion by the County, plaintiff actually provides no factual basis to infer that any Milwaukee County Sheriff's Office personnel were involved in his arrest other than the allegation that unidentified sheriff's deputies were present at the protest he was observing. (*Id.*, ¶¶ 18-34.) Plaintiff's vague assertions on this point are conspicuous, as publicly available video recordings of his arrest provide ample evidence that Sheriff's Office personnel were *not* involved and that he instead was arrested by an officer from the Milwaukee Police Department. *See*, *e.g.*, https://www.youtube.com/watch?v=AxnWzO9OohA (last accessed Sept. 9, 2021) (at 04:00-04:24,

2

asserts claims for unlawful seizure, excessive force, and failure to intervene under the Fourth and Fourteenth Amendments. (*Id.*, ¶¶ 35-40 (Unlawful Seizure), 41-45 (Excessive Force), & 46-49 (Failure to Intervene).) In addition, with respect to the City and the County, plaintiff alleges, without elaboration (at least as to the County), that "[t]he City of Milwaukee and Milwaukee County are liable for the misconduct of their own officers because the policies, customs and practices of the City of Milwaukee and Milwaukee County caused the constitutional violations alleged above." (*Id.*, ¶ 50.) As to the City, plaintiff goes on to assert an additional claim under § 1983 arising from Mayor Barrett's declaration of an emergency curfew and the City's alleged failure to train and supervise its officers "relative to the limits of the emergency prosecution." (*Id.*, ¶¶ 51-56.) The complaint does not include any such allegations against the County. (*Id.*)

## PROCEDURAL HISTORY

Plaintiff originally filed his complaint in the Milwaukee County Circuit Court. Milwaukee County timely removed this action pursuant to 28 U.S.C. §§ 1441 and 1446 on July 28, 2021, and the City consented to the removal that same day. (ECF Nos. 1 & 4.) The County filed its answer to the complaint on August 3, 2021. (ECF No. 6.)

---

showing officer with "Police" vest arresting plaintiff). Moreover, immediately following his arrest, plaintiff was far more certain about who had arrested him, stating publicly that it had been MPD Officers who tackled and then arrested him. (*See*, *e.g.*, https://www.wisn.com/article/county-supervisor-arrested-in-milwaukee-protests/32733509# (last accessed Sept. 9, 2021); https://urbanmilwaukee.com/pressrelease/supervisor-clancy-statement-on-his-arrest/ (last accessed Sept. 9, 2021).) To the extent plaintiff genuinely harbors some uncertainty about who arrested him notwithstanding such widely available video evidence and his prior public pronouncements, basic rules of procedure governing the signing and filing of pleadings and representations to the Court would have dictated a good faith effort on the part of plaintiff and his counsel to investigate and resolve those uncertainties *before* bringing suit against the County.

## LEGAL STANDARD

A party may file a Rule 12(c) motion "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Failure to state a claim upon which relief can be granted is an appropriate ground for such a motion. Fed. R. Civ. P. 12(h)(2)(B). A Rule 12(c) motion challenging the legal sufficiency of the complaint is "governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis,* 742 F.3d 720, 727-28 (7th Cir. 2014). Well-pled factual allegations are accepted as true at the pleading stage, but legal conclusions are insufficient to survive a Rule 12(b)(6) challenge. *Id.* at 728 (citations omitted). Equally insufficient are "threadbare recitals of the elements, supported by mere conclusory statements." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The complaint must instead "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## ARGUMENT

Plaintiff's complaint contains nothing more than a threadbare recitation of the elements of a § 1983 claim against Milwaukee County. The complaint therefore fails to state a claim against the County, and it must be dismissed pursuant to Rule 12(c).

To establish municipal liability under § 1983, a plaintiff must normally show: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Waters v. City of Chicago,* 580 F.3d 575, 581 (7th Cir. 2009) (internal quotations and citation omitted). This standard distinguishes acts of the municipality itself from those of its employees, which is a

vital distinction, because "units of local government are responsible only for their policies rather than misconduct by their workers." *Id.* (internal quotations and citation omitted).

Indeed, as the Supreme Court held in *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978) and has reaffirmed many times since, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691; *see also Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011) ("There is no *respondeat superior* liability under § 1983"). Instead, "under § 1983, local governments are responsible only for their *own* illegal acts." *Connick v. Thompson,* 563 U.S. 51, 60 (2011) (internal quotations and citation omitted); *see also Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007). Plaintiffs seeking to hold a municipality liable must prove that "action pursuant to official municipal policy caused their injury." *Connick*, 563 U.S. at 60 (quoting *Monell*, 463 U.S. at 691). These fault and causation requirements prevent federal courts from engaging in "an endless exercise of second-guessing" local governments, which would raise "serious questions of federalism." *City of Canton v. Harris,* 489 U.S. 378, 392 (1989).

Plaintiff does nothing more than parrot the general standards for municipal liability under § 1983 as it relates to the County. Again, his sole assertion against the County is the conclusory allegation that "the polices, customs and practices" of the County "caused the constitutional violations alleged" in the complaint. (ECF No. 1-2, ¶ 50.)[2] Under basic pleading standards, this is plainly insufficient to state a *Monell* claim against the County.

---

[2] Plaintiff also alleges that the County is "responsible for creating and implementing [Milwaukee County Sheriff's Office] policies and practices" and "for the hiring, training, supervision, and discipline of sheriff's deputies employed with [the Sheriff's Office]" (ECF No. 1-2, ¶ 4), but these general allegations add nothing to the substance of plaintiff's *Monell* claim against the County.

5

To be viable, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Further, "[a] claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). While the factual assertions of a complaint are assumed to be true on a motion to dismiss or for judgment on the pleadings, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). Likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Here, plaintiff's complaint violates each of these fundamental pleading standards. The complaint is entirely devoid of factual content that would allow a court to draw the plausible inference that an actual, identifiable policy or custom on the part of the County caused the alleged violation of plaintiff's constitutional rights. Instead, the single allegation against the County is nothing more than a legal conclusion that recites the most basic elements of a *Monell* claim. In short, the complaint does nothing more than assert a legal conclusion that the County is liable under § 1983. That is insufficient as a matter of law to state a claim against the County.

As Judge Stadtmueller reasoned in dismissing *Monell* claims against Milwaukee County at the pleadings stage in *Terry v. Cnty. of Milwaukee*, Case No. 17-cv-1112-JPS, 2018 WL 2567721, *8 (E.D. Wis. June 4, 2018):

> This is not how *Monell* liability is supposed to work. The function of a *Monell* claim is to hold a municipality liable for bad practices "so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60. To assert that a custom is "so entrenched and well-known as to carry the force of policy," one should at a minimum be

6

> able to describe the offending conduct with some precision. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). In other words, to accuse a municipality of acting with deliberate indifference toward a problem, one must be able to articulate what the problem is; otherwise, it cannot be said that tolerating the problem amounted to a conscious choice. *Harris*, 498 U.S. at 389; *Tuttle*, 471 U.S. at 823.

*See also Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (to allege a *de facto* policy for *Monell* purposes, a plaintiff "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom" and that the occurrence at issue was not an isolated incident.) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011)).

Plaintiff cannot articulate what the underlying policy or custom is on the part of the County that allegedly caused his arrest, let alone describe it with precision. Nor can he allege even a single, specific fact to support the inference that the Sheriff's Office participated in his arrest. Under *Monell*, and in light of the pleading requirements of *Twombly* and *Iqbal*, these shortcomings are fatal to his purported § 1983 claim against the County, and the County therefore is entitled to judgment on the pleadings.[3]

## CONCLUSION

For the reasons stated above, plaintiff fails to state a claim upon which relief can be granted against Milwaukee County. As a result, this Court should enter judgment on the pleadings in favor of the County, dismissing plaintiff's complaint in its entirety as it relates to the County, together with such other and further relief as may be appropriate under the circumstances.

---

[3] Although he does not plead it as a separate claim, plaintiff also asserts that the County would be responsible for indemnifying any John Doe sheriff's deputies for a judgment against them pursuant to Wis. Stat. § 895.46. (*See* ECF No. 1-2, ¶ 4 & Wherefore Clause.) No such John Doe defendants have been identified at this stage, however (and may well never be, at least with respect to the Sheriff's Office – *see* n.1 above). As such, an indemnification claim arising from a judgment that does not yet exist against a yet to be identified individual does not provide a basis to maintain the County as a defendant.

7

Dated at Milwaukee, Wisconsin this 10th day of September, 2021.

                                              **HANSEN REYNOLDS LLC**

                                              */s/ Andrew A. Jones*
                                              Andrew A. Jones
                                              301 N. Broadway, Suite 400
                                              Milwaukee, WI 53202
                                              (414) 455-7676 (phone)
                                              (414) 273-8476 (fax)
                                              ajones@hansenreynolds.com

                                              *Attorneys for Defendant Milwaukee County*